IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL E. NEELD, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § CIVIL ACTION NO. | |
| THE BANK OF NEW YORK MELLON § | |
| FKA THE BANK OF NEW YORK, AS § | |
| TRUSTEE FOR THE BENEFIT OF THE § | |
| CERTIFICATEHOLDERS OF THE § | |
| CWABS INC., ASSET-BACKED § | |
| CERTIFICATES, SERIES 2007-BC3, § | |
| § | |
| Defendant. § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1441(b), Defendant The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2007-BC3 ("***Defendant***" and "***BNYM***") hereby removes to this Court the state court civil action described below pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). As grounds for the removal, Defendant respectfully states the following:

### I. INTRODUCTION

1. On January 4, 2022, Plaintiff Michael E. Neeld ("***Plaintiff***") filed *Plaintiff's Original Petition* ("***Complaint***"), numbered and styled as Cause No. 2022-CI-00045, *Michael E. Neeld v. The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2007-BC3,* filed in the 57th Judicial District, Bexar County, Texas.

2. In the Complaint, Plaintiff brings suit against Defendant, asserting a claim for promissory estoppel relating to a loss mitigation review of the mortgage loan secured by the real property located at 801 Ridgemont Ave., Terrell Hills, Texas 78209 ("Property"). Compl. ¶ 8. Based on the claims alleged in the Complaint, Plaintiff seeks injunctive relief to prevent a foreclosure scheduled for January 4, 2022. Compl. ¶ 10.

3. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendant are attached hereto and marked as composite **Exhibit A** and incorporated herein by reference.

## II. TIMELINESS OF NOTICE OF REMOVAL

4. Defendant has not been served with a citation on this matter, but was first made aware of the Petition on January 12, 2022. No more than thirty days have elapsed since Defendant first became aware of the Complaint; therefore, pursuant to 28 U.S.C. § 1446(b)(1), this removal is timely.[1]

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as discussed more fully below.

 A. **Complete diversity exists.**

6. Plaintiff is an individual, citizen and resident of Bexar County, Texas.[2]

---

[1] *See* 28 U.S.C. § 1446(b)(1). *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").

[2] *See* Plaintiff's Complaint, ¶ 2; *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (For purposes of determining citizenship, "[e]vidence of a person's place of residence [] is prima facie proof of his domicile.").

7. For diversity purposes, the citizenship of BYNM is that of Bank of New York Mellon Trust Company, National Association. When a trustee is the real party in interest to the suit, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.,* 670 F.Supp.2d 555, 561 (N.D.Tex. 2009)("[T]he citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee.") citing *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980). When the trustee has the power to sue or be sued in its own name (and does so), it is the real party in interest. *Navarro*, 446 U.S. at 464–66; *Rivas v. U.S. Bank N.A.*, No. H-14-3246, 2015 U.S. Dist. LEXIS 74505 **3–4 (S.D. Tex. June 9, 2015). A national banking association is considered a citizen of the state in which its main office, as designated in its articles of association, is located. 28 U.S.C. § 1348; *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). Here, BNYM's articles of association designate New York, New York as the location of Bank of New York Mellon's main office. Thus, BNYM is a citizen of New York for diversity purposes.

8. Accordingly, because Plaintiff is a citizen of Texas and Defendant is not a citizen of Texas, complete diversity of citizenship exists between the parties and removal is proper.

**B.      The amount in controversy exceeds $75,000.00.**

9. The amount in controversy with respect to Plaintiff's claims, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. §1332(a). Although Defendant denies that Plaintiff is entitled to recover any amount, and specifically denies that Plaintiff is entitled to any relief in the various forms sought, Plaintiff's claims as asserted in the Complaint are based on alleged events

related to the Property. Plaintiff seeks monetary damages in addition to an order enjoining Defendant from foreclosing.[3]

10. Plaintiff seeks injunctive relief to stop the foreclosure of the Property.  Compl. ¶ 13.  When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[4]  When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[5]  Here, the object of the litigation is the Property..  The assessed value of the Property for the year 2021 is at least $581,850.[6]  Therefore, based on the relief sought by Plaintiff in the Complaint, the amount in controversy exceeds $75,000 and removal is appropriate.  28 U.S.C. §§ 1332 & 1441.

## IV. VENUE

11. Venue for this removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas—the location of the pending state court action.[7]  In addition Plaintiff's claims in the State Court Action relate to property located at 801 Ridgemont Ave., Terrell Hills, Texas 78209 (the "Property").  See Complaint, ¶ 8.

## V. ADDITIONAL REQUIREMENTS

12. Written notice of removal will be provided to Plaintiff and filed with the District Clerk of Bexar County, Texas.

---

[3] See Plaintiff's Complaint, ¶ 5 and Prayer.
[4] Farkas v. GMAC Mortg., LLC, 737 F.3d 338, 341 (5th Cir. 2013).
[5] Id.
[6] See Bexar County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Bexar County Tax Appraisal because it is a public record and the information it provides is readily ascertainable and the source—the Bexar County Tax Appraisal District—cannot reasonably be questioned. See Funk v. Stryker, 631 F.3d 777, 783 (5th Cir. 2011).
[7] See 28 U.S.C. § 1441(a); 28 U.S.C. § 124(b)(4) (stating that the San Antonio Division of the Western District includes Bexar County).

13. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

14. Plaintiff has not made a jury demand in the Complaint.

**WHEREFORE**, having satisfied the requirements for removal, Defendant gives notice that Cause No. 2022-CI-00045, filed in the 57th Judicial District, Bexar County, Texas and respectfully requests that said United States District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted,

By: */s/ Kathryn B. Davis*
**MATT D. MANNING**
State Bar No. 24070210
**KATHRYN B. DAVIS**
State Bar No. 24050364
**MCGLINCHEY STAFFORD**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone : (713) 520-1900
Facsimile: (713) 520-1025
mmanning@mcglinchey.com
kdavis@mcglinchey.com

**ATTORNEYS FOR DEFENDANT THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2007-BC3**

## CERTIFICATE AND NOTICE OF FILING

I certify that on February 1, 2022, the foregoing Notice of Removal was filed with the District Clerk of Bexar County, Texas, and that written notice of filing of the Notice of Removal was served upon Plaintiff.

*/s/ Kathryn B. Davis*
**KATHRYN B. DAVIS**

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2022, a copy of the above and foregoing was filed electronically with the Clerk of Court. Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system or as otherwise accorded by FRCP.

Matthew J. Obermeier
Attorney at Law
85 NE Loop 410, Suite 622
San Antonio, TX 78216
Telephone: 210-2965828
Email: mattslawoffice@gmail.com

*/s/ Kathryn B. Davis*
**KATHRYN B. DAVIS**